23 C.C.P.A.(Patents)

## AKTIENGESELLSCHAFT FÜR FEINMECHANIK VORMALS JETTER & SCHEERER v. KNY–SCHEERER CORPORATION.

Patent Appeal No. 3533.

Court of Customs and Patent Appeals.
Dec. 2, 1935.

See, also, 80 F.(2d) 266; 68 F.(2d) 974; 75 F.(2d) 638.

Thomas L. Mead, Jr., and Elmer Stewart, both of Washington, D. C., for appellant.

Clarence G. Campbell, of New York City, for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in a trade-mark cancellation proceeding from the decision of the Commissioner of Patents affirming the decision of the Examiner of Trade-Mark Interferences sustaining appellee's petition for the cancellation of appellant's registration No. 272,668, issued July 8, 1930, on an application filed June 30, 1928, for a trade-mark consisting of the letters J and S arranged in the form of a monogram, above which appears a design consisting of a cross resting upon a ball or circle, and above the design appears the word "Jesco," for use on "pocket knives; knives, forks, and spoons of base metals for the table; kitchen knives, hunting knives, leather-cutting knives, razors, scissors, shears, metallic knife sharpeners, pinchers, tweezers, wrenches, monkey wrenches, screw drivers, cigar cutters, corkscrews, metallic coasters, and axes, in Class 23, Cutlery, machinery, and tools, and parts thereof."

In its petition for cancellation, appellee alleged that on April 15, 1890, appellant registered the trade-mark in issue for use on surgical instruments and appliances; registration No. 17,761, consisting of a "Staff and Superimposed S or Serpent," the serpent appearing in the form of the letter S around the staff "so as to represent [as stated in appellant's application for registration] not only the staff and serpent of Esculapius, but also the initial letters of our firm-name. Above the staff and serpent is arranged a crown"; that appellee, through its predecessor, the Kny-Scheerer Company, registered a variation of the same trade-mark on March 12, 1907, registration No. 61,298, consisting of a "Staff, Entwined Serpent and Crown," for use on certain medical and surgical apparatus and instruments; that on September 24, 1907, it registered a second variation of the same trade-mark, registration No. 65,359, consisting of a staff with a serpent entwined thereon, for use on cutlery, such as knives, chisels, shears, scissors, and razors; that, during the World War, the Alien Property Custodian, acting under the "Trading with the Enemy Act" of October 6, 1917 (40 Stat. 411), as amended (40 Stat. 460 and 1020, 50 U.S.C.A. Appendix), together with executive orders and proclamations issued in pursuance thereof, seized, and required to be conveyed to him, trade-mark registrations Nos. 17,761, 61,298, and 65,359, together with all rights thereunder and the business connected therewith, and, thereafter, on June 21, 1919, duly sold and transferred the same to the Holley Securities Company, which assignments were duly recorded in the United States Patent Office on October 7, 1919, in Liber K–107, p. 297, of Transfers of Patents; that, thereafter, by mesne assignments from the Holley Securities Company, the Kny-Scheerer Corporation, and the Kny-Scheerer Corporation of America, which were duly recorded in the United States Patent Office, Liber K–107, p. 302, Liber W–112, p. 170, and Liber Q–147, p. 230, of Transfers of Patents, appellee became the owner of the trade-mark registrations hereinbefore set forth, together with all rights thereunder and the business con-

nected therewith; that appellee, and its predecessors, has used and is continuing to use the trade-mark consisting of the staff and entwined serpent since its original adoption, December 1, 1889; and that appellee is damaged by appellant's registration.

■ Appellant's answer to the petition for cancellation was withdrawn. Accordingly, all the material allegations contained in the petition for cancellation will be presumed to be true.

■ The sole issue in the case, therefore, as stated by the tribunals of the Patent Office, is whether the marks of the respective parties are confusingly similar. If they are, appellant's registration should be canceled, as held by the Commissioner of Patents. If they are not, the Commissioner's decision should be reversed.

It is true, as argued by counsel for appellant, that the marks are not identical, but are, in fact, somewhat dissimilar; e. g., the word "Jesco" and the cross, contained in appellant's mark, are not found in the marks of appellee. However, as stated by the Commissioner, appellant "has replaced the staff [shown in appellee's marks] by the letter 'J' and the serpent by the letter 'S.'" Furthermore, as stated in the decision of the Commissioner: " * * * The goods upon which the marks are used are comparatively small and naturally the marks become extremely small when affixed to the goods. When so reduced, the distinguishing features fade away and the resemblances become pronounced; thus, the shank of the letter 'J' becomes the staff of the petitioner's mark, the letter 'S' becomes the serpent, and the remaining indicia displayed at the top of the letter 'J' becomes the crown.

"When thus reduced in size it becomes at once apparent that the unwary purchaser would likely be confused by the concurrent use of both marks on goods of the same descriptive properties."

We have given careful consideration to the arguments of counsel for appellant. However, the Commissioner of Patents has so aptly stated the views which we hold, that we deem it unnecessary to attempt to add anything to his clear exposition of the inevitable consequences, confusion in the trade, that will result by the concurrent use by the parties of their respective trade-marks.

The decision of the Commissioner of Patents is affirmed.

Affirmed.